UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES, CDCR #BB-1457,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY EMMENS, Team 1, San Diego Sheriff's Deputy, et al.,<br><br>Defendants. | Case No.: 3:16-cv-02823-WQH-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF No. 11]**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

KYLE ROBERT JAMES ("Plaintiff") is currently incarcerated at California State Prison – Los Angeles County ("LAC") in Lancaster, California.[1] He is proceeding pro se,

---

[1] Plaintiff was incarcerated at the California Institution for Men ("CIM") in Chino, California, at the time of filing (ECF No. 1 at 1, 50), but on December 22, 2016, he filed a Notice of Change of Address noting his transfer to LAC. *See* ECF No. 7.

and has filed a civil Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Together with his Complaint, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). He subsequently submitted a "Letter Explaining Documents" (ECF No. 6), and a Sworn Declaration in Support of his Complaint (ECF No. 9). On January 19, 2017, he also filed a "Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction" seeking the preservation of video evidence he claims exists and is related to his excessive force claims (ECF No. 11).

## Background

Plaintiff claims that on January 23, 2016, and again on February 5, 2016, while he was in the custody of the San Diego Sheriff's Department and housed at the San Diego County Jail, Defendants used excessive force against him, labeled him a child molester in the presence of other inmates, and refused to respond to his administrative grievances in retaliation for his having filed a filed civil rights action and various internal affairs and "Citizens Law Enforcement Review Board" complaints against them. *See* ECF No. 1 at 5-14.[2]

## Discussion

**A.    IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

---

[2] Plaintiff identifies his previously filed civil rights action as "15cv0409-AJB-MDD." ECF No. 1 at 12, 15. The Court takes judicial notice that Plaintiff has another previously filed civil rights action currently pending before Judge Anthony J. Battaglia in *James v. Agnew, et al*, S.D. Cal. Civil Case No. 3:15-cv-00409-AJB-MDD. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In that case, Plaintiff also claims two San Diego Sheriff's Department Deputies (Tade and Agnew) used excessive force against him while he was pretrial detainee at the San Diego County Jail on August 13, 2014. *See id*., ECF No. 41 at 1-3. Plaintiff's current case alleges separate constitutional claims, arising at a later date, and against a different set of Defendants which do not appear duplicative. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (plaintiffs may not "merely repeat[] pending or previously litigated claims" in separate civil actions).

$400.³ *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a Trust Account Withdrawal Authorization and a certified Prison Certificate attesting to his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* ECF No. 2 at 4, 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. Plaintiff's prison certificate

---

³ In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

shows that while Plaintiff had a monthly average of $67.50 deposited to his account, he carried an average balance of only $0.13, and his available balance was just $0.74 at the time. *See* ECF No. 2 at 5. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP, declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**C.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening which the Court conducts *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds that while Plaintiff has not shown, for the reasons discussed below, that he is entitled to preliminary injunctive relief, Plaintiff's Complaint nevertheless contains factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges both excessive force[4] and retaliation claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123. *See Iqbal*, 556 U.S. at 678; *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew

---

[4] While Plaintiff alleges in his TRO to have been "convicted of bank robbery at the beginning months of 2016," (ECF No. 11 at 5), it is not clear whether he was a pretrial detainee or a convicted prisoner at the time his excessive force claims arose on January 23, 2016, and February 5, 2016. *See* ECF No. 1 at 1.

that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (when prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**D.     Motion for TRO and Preliminary Injunction**

Plaintiff has also filed a Motion requesting a TRO and preliminary injunction requiring the San Diego Sheriff's [Department] Legal Affairs Unit, and San Diego County Counsel Thomas Montgomery to preserve "material and relevant video evidence of the two excessive force incidents that [form] the basis of this case." (ECF No. 11 at 1, 2-4.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245

U.S. 229, 234-35 (1917); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties" to the action, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation[.]" FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

Finally, the PLRA further requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison

administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

First, because Plaintiff's case is still in its preliminary screening stage, the United States Marshal has yet to effect service on his behalf, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. *See* FED. R. CIV. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. Even more critically, Plaintiff seeks injunctive relief against the "San Diego Sheriff's [Department] Legal Affairs Unit," (ECF No. 11 at 1-3), and San Diego County Counsel Thomas Montgomery, neither of which/whom are even named as parties to this action. *Cf.* ECF No. 1 at 1-4.

Second, even if the Court had personal jurisdiction over the entity or person Plaintiff seeks to enjoin, he has failed to establish the imminent irreparable harm required to support a preliminary injunction. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." *Claiborne v. Blauser*, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), *report and recommendation adopted*, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. FED. R. CIV. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674-75.

Plaintiff claims that "relevant video evidence of the two excessive force incidents that are the basis of this case," exist, yet the San Diego Sheriff's [Department] Legal Affairs Unit "will not respond to numerous letters from [him] giving the Sheriff's Department

"notice of [his] intention to bring suit." ECF No. 11 at 1. He further claims that without this evidence he "will not be able to pursue his claim," because there is a "lack of police accountability … in police brutality cases such as this one." *Id.* at 6.

But these allegations are merely speculative at this stage of the proceedings, and the Court therefore finds Plaintiff has failed to establish either the immediate or irreparable harm required to justify extraordinary injunctive relief. *Lyons*, 461 U.S. at 102; *see also Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it."). Nor has Plaintiff demonstrated he is entitled to compel the expedited discovery he essentially seeks.[5] While "[t]he failure to preserve electronic or other records, *once the duty to do so has been triggered*, raises the issue of spoliation of evidence and its consequences," *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003) (emphasis added); *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1104 (D. Ariz. 2014), "[a]bsent some special relationship or duty arising by reason of an agreement, contract, statute, or other special circumstance, … there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party." *Wilson v. Beloit Corp.*, 921 F.2d 765, 767 (8th Cir. 1990) (internal citation omitted); *Pettit*, 45 F. Supp. 3d at 1106.

For all these reasons, the Court denies Plaintiff's Motion for TRO and Preliminary Injunction (ECF No. 11) pursuant to FED. R. CIV. P. 65 at this time.

///

---

[5] Federal Rule of Civil Procedure 26(d) provides, in part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). A court may order expedited discovery under FED. R. CIV. P. 26(d) only for good cause, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Assef v. Does 1–10*, No. 15-CV-01960-MEJ, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015). Even liberally construed, the Court finds Plaintiff's TRO fails to demonstrate the good cause required to justify discovery at this preliminary and pre-service stage of the case. *Id.*

## Conclusion

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 11);

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

///

7. **ORDERS** the served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: January 31, 2017

*[signature]*
Hon. William Q. Hayes
United States District Court

11

3:16-cv-02823-WQH-NLS