UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle Robert James,<br><br>                          Plaintiff,<br><br>v.<br><br>DEPUTY EMMENS, (Team 1) San Diego Sheriffs Deputy; LT. LAURA COYNE, Lieutenant Sheriff Deputy; CORP. RODRIGUEZ, (Team 1) Corporal Sheriffs Deputy; CAPT. FLYNN, Sheriffs Captain at San Diego Central Jail; DEPUTY LAMONTE, Sheriffs Deputy; INTERNAL AFFAIRS LT. DUCKWORTH, Internal Affairs Lieutenant; WILLIAM D. GORE, Sheriff for San Diego County; SGT. BLACKWELL, Sheriffs SGT. at San Diego Central Jail; SGT. BINSFIELD, Sheriffs SGT at San Diego Central Jail; LT. STORDON, Sheriffs Lieutenant at San Diego Central Jail; SGT. G. CASTRO, Sheriffs SGT at George Bailey Detention Facility; JOHN DOE, Internal Affairs SGT; LT. DERICK JONES, Sheriffs Lieutenant; BONNIE DUMANIS, District Attorney,<br><br>                          Defendants. | Case No.: 16cv2823 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Dkt. No. 28]** |

Plaintiff Kyle Robert James, proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated several of his constitutional rights while he was incarcerated at the San Diego County Jail following his sentencing. The claims stem from events occurring on January 23 and February 5, 2016. Certain Defendants seek to be dismissed from the action completely, and other Defendants seek to dismiss certain claims.

James filed an opposition and Defendants filed a reply. For the following reasons, this court recommends that the district judge **GRANT in part** and **DENY in part** the motion to dismiss.

I. **FACTUAL BACKGROUND**[1]

A. **January 23, 2016 Incidents.**

At approximately 7:00 p.m. on January 23, 2016, James was forced to "act out" by refusing to come out of his cell for a Saturday inspection. He stayed in his cell so he could get defendant Lt. Coyne to come to his cell, where he could report to her the verbal abuse coming from defendant Deputy Emmens. When James did not come out, Deputy Emmens called him a child molester in front of other inmates who were gang members. Lt. Coyne came over and told James he would have a hygiene inspection. He was then placed face down in restraints on a gurney and taken to get a hygiene inspection. In the hygiene inspection James was subjected to an x-ray of his anal cavity. He believes that other inmates who received a hygiene inspection did not receive an x-ray of their anal cavity. Ultimately, no contraband was found. James believes the anal cavity x-ray was done to detour him from continuing to file complaints against staff of the San Diego County Sheriff.[2]

---

[1] Because this case comes before the court on a motion to dismiss, the court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn from it, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] These facts are summarized from CM/ECF pages 5 to 9 of the Complaint. Dkt. No. 1.

Also on January 23, 2016, James was beaten and tasered by certain Defendants in retaliation for him filing complaints regarding Central Jail staff. Defendants intended to dissuade James from continuing to pursue legal action and filing additional complaints. James says he was attacked by Sgt. Blackwell, Sgt. Binsfield, Corp. Rodriguez, Deputy Lamont and Deputy Portillo, and that the assault was supervised by Lt. Coyne, who failed to intervene.[3]

### B. February 5, 2016 Incident.[4]

On February 5, 2016, between 6:00 to 7:00 a.m., James was again attacked by deputies in retaliation for filing an internal affairs complaint regarding Lt. Duckworth and the January 23, 2016 assault by 10-20 deputies. The attack started when Lt. Stordan walked up to James' cell door and told him he was transferring to George Bailey. James said he would pack his property, and as soon as he turned around, the cell door flung open and James was hit in the back with a shock shield. James believes there is video evidence that shows this attack. James says that due to this attack he suffers from blackouts and mental injuries.

### C. Summary of Claims and Relief Sought.

James sues 14 Defendants, all in their individual capacities, and claims they were all acting under color of state law.

- Count 1: Freedom from cruel and unusual punishment, due process, free speech and access to courts, based on January 23, 2016 incident where he was called a child molester in front of other inmates and taken for an x-ray of his anal cavity.

- Count 2: Freedom from cruel and unusual punishment, due process, free speech access to courts, and intentional infliction of emotional distress, based on January 23, 2016 assault on James by 10-20 deputies.

- Count 3: Freedom from cruel and unusual punishment, due process, free speech, access to courts, intentional infliction of emotional distress, mental and emotional injury, corporal punishment and deliberate indifference based on the February 5, 2016 attack in his cell.

---

[3] These facts are summarized from CM/ECF page 10 of the Complaint. Dkt. No. 1.
[4] These facts are summarized from CM/ECF pages 11 to 12 of the Complaint. Dkt. No. 1.

- Count 4: Negligence against 9 of the 14 Defendants, including Lt. Coyne, Lt. Stordon, Lt. Duckworth, Sgt. Blackwell, Sgt. Binsfield, Corp. Rodriguez, Deputy Lamonte, Capt. Flynn and Deputy Emmens.

- Count 5: Due process, deliberate indifference, free speech and access to courts based on actions of Sgt. Castro and Lt. Jones for intentionally attempting the thwart James' attempt to exhaust his administrative remedies, asserted only against defendants Sgt. Castro and Lt. Jones.

James seeks compensatory damages for treatment of his injuries and PTSD, punitive damages, and costs, including attorney and expert witness fees. Compl., p.16. He also seeks an injunction for these acts: (1) prevent Defendants from destroying video evidence from both incidents; and (2) recognition by the Sheriff's Department of all physical injuries so that he can begin treatment for them. *Id.*

## II. DISCUSSION

### A. Legal Standard.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). But the court need not accept as true legal conclusions cast as factual allegations. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197, fn.1

4

(9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears pro se in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B. Prosecutorial Immunity:  Defendant Bonnie Dumanis.

James complains that District Attorney Bonnie Dumanis was deliberately indifferent to his complaint that he filed with regards to the January 23, 2016 incident. Compl., p.9. He explains that Dumanis did not investigate his complaint or initiate a case against the Sheriff's Deputies for their behavior on January 23. Opp'n, pp.4-5.

Prosecutorial immunity protects eligible government officials acting pursuant to their official roles as advocates for the state doing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009) (giving examples where absolute immunity applies, including when a prosecutor initiates a judicial proceeding or presents evidence in court to support a search warrant application); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912-913 (9th Cir. 2012). "[T]he functional nature of the activities being performed, not the status of the person performing them, is the key to whether absolute immunity attaches." *Stapley v. Pestalozzi*, 733 F.3d 804, 810 (9th Cir. 2013). As such, prosecutorial immunity does not extend to those actions of a prosecutor that are "administrative" or "investigative" in nature. *See Van de Kamp*, 555 U.S. at 342-343 (explaining that prosecutorial immunity does not apply, for example, when prosecutor advises police during a criminal investigation, makes statements to the press or acts as a complaining witness to support a search warrant application); *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 710-711 (9th Cir. 2010).

"Prosecutorial immunity only protects the defendants from [§] 1983 damage claims; it does not protect them from suits for injunctive relief." *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1203, n.6 (9th Cir. 1989), *abrogated on other grounds by City of Canton, Ohio v. Harris,* 489 U.S. 378 (1989). Here, James sued Dumanis in her individual capacity. In addition to money damages he seeks two types of injunctive relief that include preservation of video evidence and recognition by the Sheriff's Department of his injuries. Neither of these requests for injunctive relief could apply to Dumanis because she would not control the video evidence nor is she part of the Sheriff's Department. Therefore, the only viable claims against her are for money damages, for which prosecutorial immunity is available.

James takes issue with Dumanis' decision to not prosecute the Sheriff's Deputies who were involved in the alleged incidents. But the decision not to prosecute is squarely within the protected prosecutorial duties of a prosecutor. *Roe v. City of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (holding "a prosecutor is entitled to absolute immunity for the decision not to prosecute"). Therefore, Dumanis is entitled to absolute immunity for her decision not to prosecute the Sheriff's Deputies identified in James' complaint. Further, James lacks any sort of standing to compel a prosecution of those deputies. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Accordingly, this court recommends that Defendants' motion to dismiss the claim against defendant Bonnie Dumanis be **GRANTED** and the claims against her be **dismissed with prejudice**, as any amendment regarding her decision not to prosecute the deputies would be futile. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) (holding that futility alone is a sufficient basis to deny a motion to amend). Based on the availability of absolute immunity this court further recommends that Dumanis be dismissed as a defendant because the claims against her are all factually based on her protected prosecutorial duties.

///

## C. Failure to State a Claim: Claim Against Defendants Castro and Jones for Actions Related to Prison Grievance Procedure.

James complains that defendants Sgt. Gabriel Castro (from George Bailey) and Lt. Jones (works at San Diego County Jail) denied him due process and access to courts by intentionally attempting to thwart his attempt to exhaust his administrative remedies, and that they lied to James in their grievance responses when they said that the use of force in both incidents comported with policies and procedures and the force used was not excessive. Compl., p.14. James also complains that Capt. Flynn should have responded to the grievances, and that by having Castro and Jones respond instead of Flynn, James was denied an opportunity to be heard in a meaningful time and manner. *Id.*

A prisoner does not have due process rights related to the administrative grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding "inmates lack a separate constitutional entitlement to a specific prison grievance procedure). A prisoner's claim that a prison official denied a grievance, standing alone, is not sufficient to state a claim for a constitutional violation. *See Arline v. Janda*, 2013 WL 4517602, at *11 (S.D. Cal. Aug. 12, 2013) (citing *Riley v. Dunn*, 2011 WL 4940855 at *7 (C.D. Cal. Oct. 14, 2011)). Stated differently,

> Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

*George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007).

The sole bases for James' claims against Sgt. Castro and Lt. Jones regard their involvement in denying James' administrative grievances. But no constitutional claim can lie for their involvement in that procedure. *Ramirez*, 334 F.3d at 860. Further, James' exhibits show that Capt. Flynn did in fact respond to the grievance appeal. Compl., p.47.

///

In sum, Castro and Jones in no way interfered with James' right to access the courts. While they denied his grievances, the denials did not interfere with his ability to bring this lawsuit. Accordingly, the court **RECOMMENDS** that Defendants' motion to dismiss the claims against defendant Castro and Jones be **GRANTED** and the claims in the fifth cause of action be **DISMISSED with prejudice**, as any amendment of a claim based on the grievance procedure would be futile. *See Bonin,* 59 F.3d at 845.

Castro and Jones ask to be dismissed from this lawsuit because this is the only claim asserted against them. But it is not clear on the face of the complaint that this is the only claim asserted against them. *See, e.g.,* Compl., p.9 (alleging in Claim 1 that Lt. Jones lied to Sheriff Gore to cover up misconduct). The court, therefore, recommends **denying without prejudice** the request to dismiss Castro and Jones as defendants from this case.

### D. State Law Claims.

James alleges the following state law claims: intentional infliction of emotional distress based on January 23, 2016 incident (Claim 2, Compl. p.10) and February 5, 2016 incident (Claim 3, Compl. pp.11-12); and negligence based on both alleged incidents (Claim 4, Compl. p.13).

A plaintiff must comply with the California Government Tort Claims procedure before a "suit for money or damages may be brought against a public entity." Cal. Gov't Code § 945.4. In federal cases, supplemental state law claims are subject to this claims filing requirement and the law governing such claims. *Karim-Panahi v. LAPD*, 839 F.2d 621, 627 (9th Cir.1988). Here, James never filed a government tort claim with the County of San Diego regarding the incidents at issue here. Kapualani Decl. ¶¶ 4-5. Further, James, in his request for extension of time to file an opposition, "does agree to dismiss the state tort law claims alleged in defendants' motion to dismiss against the named defendants." Dkt. No. 30, p.2.

///
///

8

16cv2823 WQH (NLS)

Based on James' failure to comply with the requisite California Government Tort Claims procedure and his consent to dismiss the state tort law claims, this court recommends that the district judge **GRANT** Defendants' motion to dismiss the state law tort claims and that they be dismissed with prejudice. *See Bonin,* 59 F.3d at 845.

Capt. Flynn asks to be dismissed from this lawsuit because negligence is the only claim asserted against him. But it is not clear on the face of the complaint that this is the only claim asserted against him. *See, e.g.,* Compl., p.9 (alleging in Claim 1 that Capt. Flynn lied to Sheriff Gore to cover up misconduct). The court, therefore, recommends **denying without prejudice** the request to dismiss Capt. Flynn as a defendant from this case.

### III. CONCLUSION

For the reasons stated above, this court **RECOMMENDS** that the district judge:

(1) **GRANT** the motion to dismiss the claims against defendant Bonnie Dumanis and dismiss them **with prejudice.**

(2) **GRANT** the motion to dismiss Dumanis as a defendant from this case.

(3) **GRANT** the motion to dismiss the claims as alleged in Count 5 against defendants Castro and Jones and dismiss those claims **with prejudice.**

(4) **DENY without prejudice** the motion to dismiss Castro and Jones as defendants.

(5) **GRANT** the motion to dismiss the state law claims as alleged in Counts 2, 3 and 4 and **dismiss them with prejudice.**

(6) **DENY without prejudice** the motion to dismiss Capt. Flynn as a defendant.

If the district court accepts the findings in this Report and Recommendation, the federal claims alleged in Claims 1, 2 and 3 would remain in this case as alleged against all named Defendants except for Bonnie Dumanis.

The court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than **July 28, 2017**, any party to this action may file written objections with the court and serve a copy

9

on all parties.  The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties no later than **August 7, 2017**.  The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  June 29, 2017

Hon. Nita L. Stormes
United States Magistrate Judge

10

16cv2823 WQH (NLS)