|   |   |
|---|---|
| KYLE ROBERT JAMES,<br><br>                              Plaintiff,<br><br>v.<br><br>DEPUTY EMMENS, et al.,<br><br>                             Defendants. | Case No.: 16cv2823-WQH (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST FOR RETURN OF LEGAL PROPERTY AS MOOT [ECF No. 74];**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS AND INJUNCTIVE RELIEF [ECF No. 75]; and**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR EMERGENCY EXTRAORDINARY WRIT [ECF No. 79]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court are three motions filed by Plaintiff Kyle Robert James, proceeding *pro se* and *in forma pauperis*, in this civil rights action under 42 U.S.C. § 1983. Plaintiff previously notified the Court that he was being moved from Corcoran State Prison to the custody of the San Diego County Sheriff's Department in connection with his criminal retrial. ECF No. 68.

On December 27, 2017, Plaintiff constructively filed a request for the Court to assist him in retrieving his legal property, which he claims was lost during his transfer to

San Diego Central Jail on December 21 and was being withheld from him by the jail deputies. ECF No. 74. The next day, on December 28, 2017, Plaintiff filed a request for sanctions and for injunctive relief against the San Diego Central Jail deputies for withholding his legal property. ECF No. 75. On January 3, 2018, Plaintiff constructively filed a motion for Emergency Extraordinary Writ, asking the Court to take him from the San Diego County Sheriff's Custody and to place him back into federal custody during his state court criminal proceedings. ECF No. 79.

In his most recent motion for Emergency Extraordinary Writ, Plaintiff states that his state court attorney aided him in retrieving his legal property. ECF. No. 79 at 8. Accordingly, the Court **DENIES AS MOOT** his motion for return of legal property.

The Court declines to impose any sanctions or issue any further relief against the San Diego Central Jail deputies in connection with Plaintiff's legal property. Plaintiff now appears to be in possession of his legal property, has not alleged any concrete harm arising from missing his legal materials for a few days, and has not set forth any egregious conduct by the deputies as to his property that warrants sanctions. The Court **DENIES** Plaintiff's request for sanctions and injunctive relief.

Finally, Plaintiff previously moved the Court to issue a preemptory writ of mandate to prevent him from being placed into the San Diego County Sheriff's custody by the San Diego Superior Court. ECF No. 65. The Court denied this motion because Plaintiff failed to provide any legal authority under which the Court could issue such a writ to a state court. ECF No. 69. Plaintiff seeks essentially the same relief in his instant motion—that the Court issue an order directing him to be removed from state custody— but again fails to provide any legal authority for the Court to take such action. As the Court previously noted, a federal court "lacks jurisdiction to issue a writ of mandamus to a state court." Demos v. U.S. Dist. Court for E. Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (holding that 'to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)

1  (Posner) (federal courts "cannot . . . use our power to issue mandamus to a state judicial
2  officer to control or interfere with state court litigation, thus exceeding our jurisdiction");
3  Haggard v. State of Tenn., 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no
4  authority to issue writs of mandamus to direct state courts or their judicial officers in the
5  performance of their duties").  Therefore, the Court **DENIES** Plaintiff's motion for
6  Emergency Extraordinary Writ.

**IT IS SO ORDERED.**

Dated:  January 11, 2018

Hon. Nita L. Stormes
United States Magistrate Judge