UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br><br>                                   Plaintiff,<br><br>v.<br><br>DEPUTY EMMENS, et al.,<br><br>                                   Defendants. | Case No.:  16cv2823-WQH (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ORDER SAN DIEGO CENTRAL JAIL FOR ACCESS TO THE COURTS**<br><br>**[ECF No. 86]** |

Plaintiff Kyle Robert James, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983.  Before the Court is Plaintiff's motion for an order directing San Diego Central Jail to grant Plaintiff access to the courts and notice to the court of Plaintiff's status regarding legal property and medication.  ECF No. 86.

As the Court has previously noted, Plaintiff is currently being held at San Diego County Central Jail for his criminal retrial, for which he has been appointed counsel. ECF No. 80 at 1-2.  In his instant motion, Plaintiff states that he is being denied "pro per" status by the San Diego Sheriff's Department because he has legal representation in his state court case and, as a result of the denial of this status, he states that he is not permitted access to the law library or to legal supplies he needs to pursue his pending § 1983 actions, including this instant case.  He requests that the Court order the San Diego Sheriff's Department to grant him "pro per" status, to declare his rights to have access to the courts and free speech, and to warn the San Diego Sheriff and his deputies

that future disregard for Plaintiff's rights will result in sanctions. In addition, Plaintiff requests that the Court take notice of that he did not have access to his legal property for 10 days and that he was not given his medications for 10 days.

### A. Plaintiff's Requests Regarding "Pro per" Status and Access to the Law Library

The Court declines to order the San Diego County Sheriff's Department to designate Plaintiff as a "pro per" detainee. While Plaintiff is correct that he has a constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817 (1977), this is not an unfettered right. Since *Bounds*, the Supreme Court has stated that the right of access to courts means the right to "***bring*** to court a grievance that the inmate wishes to present." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (emphasis added). However, the right does not include the right to "***discover*** grievances or to ***litigate effectively*** once in court." *Id.* ("These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them."); *see also Hoffman v. Hennessey*, No. 09-cv-1777-MHP, 2009 WL 3756628, at *3 (N.D. Cal. Nov. 6, 2009). Thus, courts in this district and the Ninth Circuit have limited this right of access to "only during the pleading stage of a habeas or civil rights action." *Donnan v. Cook*, No. 08-cv-2157-DMS, 2010 WL 3431823, at *1 (S.D. Cal. Aug. 30, 2010) (quoting *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir.1995)). At this point in time, this case is beyond the pleading stages, since the answer was filed on September 29, 2017 and the deadline for amending pleadings passed on November 3, 2017. ECF Nos. 58, 59. Thus, Plaintiff's request for access to the law library falls outside the scope of the right of access to the courts set forth by the Supreme Court.

Furthermore, inmates do not have an "abstract, freestanding right to a law library"—such access is only a means for ensuring access to courts. *Lewis*, 518 U.S. at 351. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. *Id.* An actual injury is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

deadline or to present a claim." *Id.* Here, Plaintiff is temporarily in the custody of the San Diego County Central Jail during his criminal retrial. Plaintiff has failed to state an actual injury he has suffered due to the alleged denial of access to the law library and legal supplies during the time he has been in Central Jail. The Court additionally notes that, since Plaintiff arrived in Central Jail on December 21, 2017, Plaintiff has actually been able to file five motions with the Court in this case, including the present motion. *See* ECF Nos. 73, 75, 79, 83, 86.

Plaintiff may use this order to show the San Diego County Sheriff Deputies that he has *pro se* status in this pending § 1983 federal action and is representing himself. However, the Court **DENIES** Plaintiff's request for an order to the San Diego County Sheriff's Department to designate Plaintiff as a "pro per" detainee.

The Court also **DENIES** Plaintiff's request that the Court declare his rights as to access to the courts and issue warnings to the San Diego Sheriff and his deputies that future disregard for Plaintiff's rights will result in sanctions. As outlined above, Plaintiff is mistaken about the scope of his rights regarding his access to the courts. Furthermore, what Plaintiff requests from the court is akin to requesting an advisory opinion, which federal courts are prohibited from providing. *See Partington v. Gedan*, 961 F.2d 852, 862 (9th Cir. 1992).

**B. Plaintiff's Request for "Notice"**

Finally, as to Plaintiff's request that the Court take "notice" of the status of his legal property and medications, the Court has read and reviewed the representations that Plaintiff makes in his motion and declaration. However, to the extent that Plaintiff asks the Court to take judicial notice of these statements, the request is **DENIED**. Judicial notice allows a court to consider "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Plaintiff's allegations that his legal property and

medication were withheld from him are not appropriate "facts" not subject to reasonable dispute for which the Court can take judicial notice.

**IT IS SO ORDERED.**

Dated:  January 26, 2018

Hon. Nita L. Stormes
United States Magistrate Judge