UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KYLE ROBERT JAMES, Plaintiff, v. DEPUTY EMMENS, et al., Defendants. | Case No.: 16cv2823 WQH (NLS)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE OF PROCEEDINGS IN ANOTHER CASE REGARDING COUNTY COUNSEL**<br><br>**[ECF No. 118]** |
|---|---|

Plaintiff Kyle Robert James, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. On May 30, 2018, Plaintiff filed a letter requesting that the Court take judicial notice of a court order in another case regarding an alleged contempt finding against county counsel Melissa Holmes. ECF No. 118. Plaintiff does not attach the court order, but instead attaches an article from the San Diego Union Tribune regarding the ruling. *Id.*

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice, however, is inappropriate where the facts to be noticed are irrelevant. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998); *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.4 (9th Cir. 2008); *see also BofI Fed. Bank v. Erhart*, No. 15CV2353 BAS (NLS), 2016 WL 4150983, at *5 (S.D. Cal. Aug. 5, 2016); *Kennedy v. Paramount Pictures Corp.*, No.

1

1 | 12CV372-WQH-WMC, 2013 WL 1285109, at *3 (S.D. Cal. Mar. 27, 2013); *Shalaby v. Bernzomatic*, 281 F.R.D. 565, 571 (S.D. Cal. 2012).  Here, Plaintiff has not explained how a court order regarding county counsel's discovery conduct in another case has any bearing on his case.  There are no pending motions in front of the Court where this information would be relevant.  Moreover, Defendants are not even represented by the same county counsel.  Thus, the Court **DENIES** the motion for judicial notice.

**IT IS SO ORDERED.**

Dated:  June 1, 2018

Hon. Nita L. Stormes
United States Magistrate Judge